### 2048.   FLYNT *v.* SOUTHERN RAILWAY COMPANY.

1. The court did not err in refusing to allow the amendment to the petition.

2. While it is permissible, in an action based on negligence, to vary the specifications of negligence and to amplify the facts of which the alleged negligence is predicated, yet it is not permissible to introduce by amendment, into a petition containing only one count, allegations contradictory to the allegations originally set out in the petition and not stricken.

Action for damages; from city court of Forsyth—Judge Clark. July 12, 1909.

Argued November 18, 1909.—Decided January 21, 1910.

*R. L. Berner,* for plaintiff.

*N. E. & W. A. Harris,* for defendant.

POWELL, J.   This court at the March term, 1907, held that the trial judge erred in not sustaining the general demurrer to the plaintiff's petition.   A statement of the allegations of the original . petition is set forth in the opinion of Chief Judge Hill, reported in *2 Ga. App.* 162 (58 S. E. 374).   Before the judgment of this court was made the judgment of the trial court, the plaintiff offered an amendment to his petition.   He set up, as additional allegations, that at the time of the injury complained of, the defendant company had in force the following rules: "Rule 31.   The engine bell must be rung on approaching every public-road crossing at grades and until it is passed, and the whistle must be sounded at all whistling posts."   "Rule 32.   The unnecessary use of either the whistle or the bell is prohibited.   They will be used only as prescribed by rule or law, or to prevent accident."   It is alleged, that the purpose of these rules was to warn persons on either side of the crossing of the approach of the trains, whether or not said persons intended to cross, and that the defendant company had for a long time operated its trains in accordance with this rule, and that if the bell had been rung, petitioner and petitioner's wife would have been warned, and could have protected themselves from danger by reason of their horse becoming frightened.   It is further alleged, as an additional ground of negligence, that the conductor of the train was on the side of the rear coach of the train (we presume that the word "coach" is used inadvertently, as the original petition described the train as being made up of freight-cars, and the rear car as being a box-car)', on the lookout, as the train approached the public crossing; that petitioner and his wife were in their buggy on the street that runs parallel to the railroad track, and just about fifteen feet beyond this crossing and in plain view of persons on the rear coach; that the conductor, by the exercise of ordinary care, could have seen and did see petitioner and his wife thus close to the track, and, by the exercise of ordinary care, could have seen and did see that the horse was frightened, and should have checked the train in time; that if he had done so, the plaintiff and his wife would have escaped all injury; that the conductor was negligent in not checking said train at the crossing, when he should have seen and did see petitioner and his wife in their buggy in this

close proximity to the track, and the horse becoming frightened by
the train; that he increased the speed of the train unnecessarily, and
this great speed of the train frightened the horse, and the plaintiff's
wife was injured.    The third paragraph of the petition as origi-
nally amended was further amended by alleging that the injury did
not occur in the yards of the company, and that under the rule
mentioned in that paragraph, the company had been accustomed to
operate its trains with a light at the rear end, and that if it had
done so in the present case, the plaintiff and his wife could have
seen the light and escaped injury.    The court, over objection of
defendant's counsel, refused to allow the amendment; and the
plaintiff brings error.

1.    There is no question that the plaintiff had the right to save
his case from dismissal, notwithstanding the judgment of this court,
by making an appropriate amendment,—i. e., one allowable under
the ordinary rules of pleading and capable of curing the deficiencies
originally existing, at any time before the judgment of this court
was made the judgment of the trial court.    However, we do not
think that the judge erred in refusing the amendment tendered.
The decision of this court when the case was here before is abso-
lutely binding on the parties as to the propositions of law there in-
volved.    It is true that the Chief Judge, in stating the substance
of the petition, did commit a slight inaccuracy when he said (p.
164) that the petitioner referred to "another public crossing just
north of the depot of the defendant."    That fact came out in the
evidence, and not in the petition.    However, this was immaterial,
for the statement found further on (p. 165), that "it is clear, from
the allegations of the petition as amended, that a violation of the
requirements of the public-crossing law is not relied upon as a
ground of recovery," is absolutely correct.    The plaintiff's case
was not that of one who was about to use a crossing, or who had
just used a crossing, but that of one who was driving along a public
road or street parallel to the railroad track, near a point where
there was another street, which crossed the track and intersected
with the street on which he was driving, near the track.    If the
petition is capable of any other inference, it is plain, from the
briefs filed in this court on the former hearing, and from the pe-
tition for rehearing, filed by counsel for the present plaintiff in
error, that he himself did not construe it as capable of any other

inference; and the amendment now before us palpably proceeds on the theory which we have stated.

This court held, on the former hearing, that statutes, rules, and regulations designed for the protection of persons upon public crossings are not applicable so as to make the breach of them negligence as to persons traveling along a highway parallel to the railroad tracks, and not on or about to use, or not having recently used, and therefore not being in the act of passing from, the crossing. Touching the amendment offered, we now hold that, if the rule were ambiguous, the plaintiff's allegation as to its meaning and purpose might aid him.   As it is, it is plain and unambiguous. The duty of construing the plain, unambiguous rule is a matter for the court.   It is palpable that this rule was intended for the protection of persons using the crossing, or about to use it, or who had just used it, and does not have reference to travelers on the parallel highway.   We may amplify just a little here, for the purpose of making one point plainer.   If the plaintiff's allegations had shown that the horse had been frightened by some act of which he could predicate the company's negligence, it would have been perfectly permissible for him to show that the company at that time was not ringing its bell and did not have its usual rear signal out, —not so much for the purpose of aggravating or establishing the company's negligence, but for the purpose of showing that he himself was, by reason of the defendant's dereliction, misled, and therefore excusable for putting himself in range of the defendant's negligence.   But allegations which may tend to free the plaintiff from an imputation of contributory negligence are not sufficient alone to make a case of liability against the defendant.   This disposes also of the question arising under the amendment offered in regard to the rule as to the light.   Of course, the failure to ring the bell, and the failure to have the light did not frighten the horse, nor did it contribute to his fright—and it is not insisted that they did. They were, therefore, not the proximate cause of the injury, though the plaintiff, in direct terms, may have stated the conclusion that they were.   It is an established rule of pleading that these conclusions are to be disregarded where the particular facts are contradictory to them, or even where they fail to support them.

2.   As to the portion of the proffered amendment by which the plaintiff attempted to set up that the conductor was negligent, in

that he was on the lookout and on the rear coach of the train, and that he could have seen and did see the plaintiff, and could have seen and did see that the horse was frightened, and that he should have checked the train, but, on the contrary, increased it in speed, and that he was negligent in failing to check it, and in increasing the speed: without saying whether this sets forth an actionable wrong or not, we hold that the court did not err in refusing to allow it as an amendment to the petition, in the light of the allegations already contained therein. The right of amendment is broad. In these negligence cases the plaintiff may amplify and add to imperfect statements of fact of which he predicates negligence, without violating the rule against amendments setting up a new and distinct cause of action. But there is another rule of pleading which must be observed. The plaintiff can not set up and rely upon two antagonistic grounds or causes of action in the same count. To have allowed this amendment would have been to have inserted into the original petition allegations of fact utterly inconsistent with and utterly contradictory to the other allegations therein contained and unstricken by any amendment. The petition, as can be seen from the summary of it in the previous report of this case (2 *Ga. App.* 162), had alleged that the train was being backed without having any employee on the rear of it to detect the presence of persons or to warn them of danger. The amendment sets up that the conductor was upon the rear of the train and upon the lookout. The petition further alleged that the night was so dark that the plaintiff could not tell whether the train was coming toward them or going from them, and yet, by the amendment, he says that he was in plain view of the conductor, that the conductor could have seen him and his horse, and could have told that the horse was frightened. There are other inconsistencies, which we will not take the time to point out. An amendment of this nature is not permissible. If the matter contained in this amendment had been inserted into the original petition, along with the other matter already contained in the petition, it would have rendered the petition demurrable. See *Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292 (45 S. E. 220). Furthermore, the original petition attempted to set up a case of simple negligence, this amendment attempted to set up a case of wilful and wanton wrong,—things essentially different in elements and in results. We doubt seriously that the

plaintiff-could declare upon the same transaction in the same count as an act of negligence and as a wilful, intentional, or wanton tort. Besides, the gist of this amendment is that the conductor failed to slacken the speed of the train, and yet it is not alleged how he could have slackened it, or how he could have increased its speed. It is a matter of common knowledge that the speed of a train is regulated by the engineer; and how the conductor, riding on the side of the box-car, could have done anything in this respect seems to be inconceivable. The only way he could have indirectly affected the matter would have been to give some signal, if he had a lantern; but nothing of this kind is even hinted at.

It is our view of the law that the transaction which resulted in the injuries to the plaintiff's wife, while regrettable, was not actionable. The propositions decided when this case was here before control the case; and this opinion, to be read understandingly, should be read in connection with that opinion.

*Judgment affirmed.*