18996. GEORGIA, SOUTHWESTERN & GULF RAILWAY v. LASSETER.

STEPHENS, J. 1. Where a railroad-train approaches a crossing which, with knowledge of the railroad company, is well traveled, the railroad company is under a duty to take such precautions in the operation of the train as ordinary care would require, to avoid injury to any one who might attempt to cross the railroad-track at the crossing.

2. It is a question of fact whether the railroad company is negligent in operating its trains when approaching such a crossing, where the railroad company fails to keep a lookout ahead for persons who might be upon the crossing or fails to give an alarm by the ringing of the bell or the blowing of the whistle, or without regulating the speed of the train or without having the train under control. Western & Atlantic R. Co. v. Reed, 35 Ga. App. 538 (134 S. E. 134), and cit.

3. Other than the general duty resting upon a railroad company so to operate its train with ordinary care when approaching a crossing which the railroad company knows to be a well-traveled crossing, the company owes no particular duty to exercise any degree of care in the operation of the train so as to avoid injury at the crossing to a particular person, where, from the circumstances, the company does not know, or in the exercise of ordinary care could not reasonably anticipate, that the person would likely come upon the crossing, or come into a situation where he would likely be injured by coming in contact with the train.

4. Where a person is traveling in an automobile truck about two hundred yards ahead of a moving train and in the direction of the crossing on a public highway which parallels the railroad-track, and where, by

reason of an unobstructed view, the servants of the railroad company operating the train can observe his situation and can see that his back is turned towards the train, and where he is approaching a road which is perpendicular to the highway along which he is traveling and which crosses the railroad-track, but where the road along which he is traveling continues parallel to the track beyond the point at which the perpendicular road joins the highway, and where there is nothing to indicate that he intends to turn into the perpendicular road and come upon the railroad-crossing, the railroad company is under no duty to anticipate that he will leave the straight well-traveled highway and turn into the perpendicular road and come upon the crossing. Under these circumstances there is no particular duty owing by the railroad company to the particular person traveling along the highway to exercise any degree of care in approaching the crossing, by keeping a lookout ahead, sounding the bell, blowing the whistle, regulating its speed, or having the train under control. The railroad company, however, after discovering that the person traveling in the truck along the high-. way is about to come upon the crossing, owes him some special duty to exercise ordinary care to prevent injuring him at the crossing. Where a person thus traveling along the highway turned into the perpendicular road and came upon the crossing and was killed by being run into by the train, and suit was brought by his wife against the railroad company to recover for his homicide, where it did not appear in the petition that he manifested any intention to turn into the perpendicular road and come upon the crossing in time to enable the servants of the railroad company to take any precautionary measure to prevent injuring him at the crossing, and where the petition alleged merely that he traveled "until he reached a point where a well-defined and much-used road branched off" from the highway on which he was traveling towards the railroad-track, and that as he "reached said point where the same crosses the railroad he was struck by a train of the defendant and instantly killed," and where the petition did not allege any facts otherwise which might show any duty, under the circumstances, on the part of the servants of the railroad company to anticipate that the deceased intended to turn from the highway on which he was traveling into the perpendicular road, and came upon the crossing, the petition was subject to special demurrer upon the ground that it did not appear that the railroad company owed any duty to the deceased to take precautions to prevent injuring him, other than the general duty resting upon the railroad company to approach the crossing with ordinary care to avoid injuring any person who might be approaching or passing over the crossing.

5. The petition set out a cause of action and was good as against the general demurrer, and, except as indicated above, was good against the special demurrer. The court erred in not sustaining the special demurrer, upon the ground that the railroad company owed no special duty to the deceased, under the circumstances, to take the precautionary measures which the plaintiff alleged the defendant negligently failed to take.        *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1929.

*E. L. Forrester, E. L. Smith, Bennet & Peacock,* for plaintiff in error.

*R. R. Forrester, Milner & Farkas,* contra.