19877.  GEORGIA SOUTHWESTERN AND GULF RAIL-
ROAD COMPANY *v.* LASSETER.

DECIDED FEBRUARY 15, 1930.  REHEARING DENIED MARCH 1, 1930.

156

*E. L. Forrester, Bennet & Peacock, E. L. Smith,* for plaintiff in error.

*R. L. Dawson, R. R. Forrester, Milner & Farkas,* contra.

BELL, J. (After stating the foregoing facts.) As regards the general demurrer, the questions now presented are controlled by our former decision in this case. While we held that the petition failed to show that the defendant owed to the decedent any duty other than the general duty of approaching the crossing with ordinary care to avoid injuring any person who might be approaching or passing over the crossing, and that the court erred in not sustaining the special demurrer based upon the ground that the defendant owed no special duty to the deceased, under the circumstances, to take the precautionary measures which the plaintiff alleged the defendant negligently failed to take, we further ruled that the petition set forth a cause of action and was good against the general demurrer.

In speaking of general duty we referred to the duty resting upon the defendant to approach the crossing in question with due care for the safety of any person who might be passing over the crossing at that time. While the petition failed to allege that the road which intersected the railroad at that point was a public road, and therefore that the crossing was a public crossing, it could not be held as a matter of law that the petition failed to show negligence on the part of the defendant with respect to a traveler who was crossing the railroad at such intersection.

In *Western & Atlantic Railroad* v. *Reed, 35 Ga. App.* 538 (134 S. E. 134), it was said that "an act or omission may amount to negligence under the particular facts and circumstances, although there is no statute so declaring. The fact that the law says that the company shall do certain things at a public road crossing does not mean that the dictates of ordinary prudence might not require the doing of the same or similar things at other crossings used by the public with the knowledge and consent of the company."

While the duty owing by the defendant was one which devolved upon it with reference only to a class, it sufficiently appeared, from the allegations, that the decedent in undertaking to pass over the

railroad-track at the crossing in question became a member of the class to which the duty was owing, and, therefore, that he was so related to the duty that the failure of the defendant to perform it amounted to negligence with reference to him. *Platt* v. *Southern Photo Material Co., 4 Ga. App.* 159 (2), 164 (60 S. E. 1068). So far as such general duty was concerned, the decedent's relation was unaltered by the fact that for some distance before he had undertaken to pass over the crossing he had traveled a public highway which ran parallel with the railroad track. *Southern Railway Co.* v. *Flynt, 2 Ga. App.* 162 (5) (58 S. E. 374) ; *Flynt* v. *Southern Railway Co., 7 Ga. App.* 313, 315 (66 S. E. 957). In our former decision we held that under the allegations made he was entitled to no special protection by reason of that fact, but we also intended to hold that he was not entitled to less protection because thereof as he attempted to pass over the crossing by way of the intersecting road into which he had turned.

In using the term "particular," or "special," duty we intended to say that the defendant company owed to the decedent no duty merely by virtue of the fact that he was traveling upon such parallel highway where he could have been seen by the servants of the railroad company. We did not hold, and did not intend to hold, that because no particular or special duty was owing to the decedent, the defendant was not guilty of any negligence whatever with respect to him, and, thus, our ruling that the court erred in sustaining the special demurrer based upon the ground that the defendant owed to the deceased no duty to take certain specific precautions, because of the fact that he was traveling upon a parallel highway in view of the defendant's servants, did not amount to an adjudication that the defendant was not negligent in other respects stated in the petition.

We are of the opinion that all of this was made clear in our prior decision, but since able counsel for the plaintiff in error, being of a contrary opinion, have raised a question as to the meaning and effect of the rulings then made, we have endeavored to amplify or explain what we intended to hold in the previous decision.

In referring to the duty of the defendant, we have not meant to imply that the petition shows as a matter of law that the defendant owed to the decedent any duty whatsoever, there being no allegation that the road upon which the decedent was traveling at the

time of his death was a public road, or that the crossing was a public crossing; but the question as to whether ordinary care required the doing of the things which the petition alleges the defendant ought to have done but failed to do will be a matter for determination by the jury, provided the allegations of fact are sustained by the evidence. In other words, we hold that the petition, while failing to show negligence per se, is not wanting in allegations to show negligence as a matter of fact.

It is proper to say further in this connection that because there was no allegation to show that the crossing was a public one, we did not consider in our former decision the averments of paragraph 4-1/2, which attempted to charge that the plaintiff failed to comply with the "blow-post" law. For the same reason, we again exclude these allegations from consideration. While the petition alleged that the road leading to the crossing where the decedent was killed was worked, maintained, and kept up by the county authorities, this did not amount to an averment that the road was a public road, or that the crossing was a public crossing, within the meaning of the "blow-post" law. *McCoy* v. *Central of Georgia Ry. Co.,* 131 *Ga.* 378 (62 S. E. 297). As to the necessity of alleging the ultimate essential fact, see *Wright* v. *Hicks,* 15 *Ga.* 160 (3) (60 Am. D. 687); *Davis* v. *Arthur,* 139 *Ga.* 75 (4) (76 S. E. 676); *Maynard* v. *Armour Fertilizer Works,* 138 *Ga.* 549 (5) (75 S. E. 582); *Gardner* v. *Western Union Tel. Co.,* 14 *Ga. App.* 403 (4) (81 S. E. 259); *Martin* v. *Greer,* 31 *Ga. App.* 625 (2) (121 S. E. 688); *Weems* v. *Albert Pick & Co.,* 33 *Ga. App.* 580 (127 S. E. 819); 31 Cyc. 48.

In the last amendment there were no allegations that could operate to change our former ruling upon the general demurrer or to render such ruling inapplicable as the law of the case, but the petition continued to set forth a cause of action, and, therefore, the court did not err in overruling the general demurrer to the petition as amended.

■ We are of the opinion that the petition still fails to show that any duty rested upon the defendant with respect to the decedent merely by virtue of the fact that, before turning into the side road which intersected the railroad-track, he traveled for some distance upon a highway running parallel with such track. The amendment made for the purpose of establishing such duty averred

■

no· facts to authorize an inference that the defendant's servants should have known or anticipated that the decedent "intended to turn from the parallel highway on which he was traveling into the perpendicular road and thus come upon the crossing." The act of the decedent in reducing his speed from 25 miles per hour to 10 miles per hour, at a point 200 to 300 feet from the intersecting road, could have signified with equal reason any number of things that he was about to do, and, without more, could not reasonably be said to put the defendant's servants upon notice that he expected to turn from one road to the other, as alleged in the amendment.

Moreover, if the train was traveling at a rate of forty miles per hour, and the decedent, after slowing down, was traveling at a speed of ten miles per hour, it must follow as a matter of calculation that the train was at least eight to twelve hundred feet from the crossing at the time when the decedent began to slow down, since it appears that he himself was then two to three hundred feet from the crossing and he and the train necessarily reached the crossing at the same moment. It is unreasonable to say that the defendant's servants, when six to nine hundred feet to the rear of the decedent as he traveled upon a parallel highway, could have observed that he slackened his speed, and the amendment is therefore lacking in the averment of any fact to indicate that the defendant's servants observed, or should have observed, the movements or conduct of the decedent.

The plaintiff, by the amendment now under consideration, has failed to strengthen her case, and the court erred in not sustaining the defendant's special demurrers to the extent of striking such amendment.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

### ON MOTION FOR REHEARING.

BELL, J. The motion for rehearing filed in behalf of the plaintiff in error contains several grounds, but the chief contention urged therein is in relation to the construction to be placed upon our former decision in this case. It is insisted that the adjudication then made was that, in response to the special demurrers, *all* the allegations of negligence should have been stricken, with the result that the petition was or would be fatally defective and subject to dismissal for failure, by any proper averments, to show

negligence on the part of the defendant. Compare *Blackstone* v. *Central of Ga. Ry. Co.,* 105 *Ga.* 380 (2) (31 S. E. 90) ; *Seaboard Air-Line Ry. Co.* v. *Pierce,* 120 *Ga.* 230 (2) (47 S. E. 581) ; *McEachin* v. *South Ga. Trust Co.,* 168 *Ga.* 320 (147 S. E. 390). We did not, in rendering the decision under the present writ of error, overlook the same contention as made both in the argument and in the briefs, but we were unable to agree with counsel for the plaintiff in error with reference thereto. Even granting, for the sake of the argument, that the prior decision is uncertain or ambiguous in its terms, it still should be construed with reference to the record and the law, and, when so construed, it can not reasonably have the meaning ascribed to it by counsel for the plaintiff in error. The only allegations in the original petition which sought to charge the defendant with any special duty toward the deceased, that is, with any duty to take precautionary measures for the safety of the deceased as a particular individual merely because he may have been discovered by the defendant's servants as he was traveling upon the parallel highway, were contained in subparagraphs (f) and (g) of paragraph 7. Hence, of the special demurrers, only those aimed at these paragraphs would have raised from the record any question as to whether the railroad company owed any "special duty to the deceased, under the circumstances, to take the precautionary measures which the plaintiff alleged the defendant negligently failed to take." We think, therefore, that under a proper interpretation of the former decision the allegations just referred to, and these only, were held to be subject to the demurrers interposed, and that even with these eliminated the petition yet stated a cause of action. But, as we have said, the prior decision should be construed also with reference to the true law, if the language used was of such doubtful or uncertain meaning as to require interpretation. We think the language was clear and unambiguous, and had the natural meaning which we have attributed to it; certainly a contrary interpretation is not demanded. In these circumstances it should be presumed that we had in mind and were seeking to express the true law, and, therefore, this may be looked to in determining what was intended to be held. We are of the opinion that it would have been contrary to law to hold that all the allegations of negligence were subject to special demurrer "upon the ground that the railroad owed no special duty to the deceased,

under the circumstances, to take the precautionary measures which the plaintiff alleged the defendant negligently failed to take."

It is further insisted that under our former rulings as well as under the true law, the petition discloses that the railroad owed to the deceased no duty which could have become operative before he actually entered the subordinate road which led across the railroad-track, and that after he made such *entry* no sort of "precautionary measures" could possibly have resulted in preventing injury to him. To sustain this contention would again require too strict and technical a construction of the language of the prior decision, and would result also, as we think, in making a ruling that would be unsound in law. Such was not the effect of our former decision, and is not intended as the meaning of the present decision. If the defendant was under a duty to take such precautions "as ordinary care would require, to avoid injury to any one who might attempt to cross the railroad-track at the crossing," the defendant would not be absolved merely because the deceased had traveled upon the intersecting road for so short a distance or for so brief a time that no acts of diligence performed by the defendant after the deceased had entered upon such road could have been effective as preventing injury to him. When the deceased attempted as a traveler to cross the railroad at such crossing, he was within the sphere of the defendant's duty to the general public, and any breach of such duty amounted to negligence toward him, although the breach may have occurred while he was traveling upon the parallel highway and before he actually entered upon the intersecting road upon which the collision occurred. While the defendant did not owe the deceased any particular duty apart from that owed to the general public, merely because he was traveling upon the parallel road and while so doing was seen or could have been seen by the defendant's servants, still this fact did not relieve the defendant from all duty toward him or postpone the time of its operation to his entry into the intersecting road. But if the defendant failed at any time to perform its duty of ordinary care for the safety of the traveling public in the use of this crossing, and the performance of such duty would have served to prevent injury to the decedent, such failure or omission could be claimed as negligence in relation to the decedent at the time he attempted to use the crossing as a member of the class to which the defendant owed such duty of ordinary care.

It is, of course, unnecessary to decide whether the same would be true if the decedent had approached the crossing by some irregular course, as from a pasture or a field, or from above, as by parachute or balloon, as suggested by counsel for plaintiff in error. The facts, in view of which the case has been decided, were that he approached the crossing by a route common to travelers, and in a manner reasonably to have been anticipated, notwithstanding the inconsiderable distance which he had traveled after turning from the public highway into the intersecting road upon which he was killed.

It seems that in paragraph 2 the petition alleges inferentially that the crossing at which the decedent was killed was a public crossing; but the specific allegations of fact made elsewhere show that this was not true, and, therefore, the statutory regulations with reference to public crossings were held to be inapplicable.

In the motion for rehearing counsel for the plaintiff in error further "submit that this court should give directions to the lower court, in accordance with the law of the case, as laid down in this court's former decision." While we differ with counsel as to what "the law of the case" is, and will refrain from incorporating any "directions" in our judgment, we may say that according to our construction the former decision required the sustaining of all demurrers to subparagraphs (f) and (g) of paragraph 7 of the original petition, and the striking of these allegations; but that the other allegations of negligence contained in that paragraph should remain as a part of the petition, and, so remaining, would render the petition good against general demurrer. The fact that the petition averred that "all of said grounds of negligence set forth in this paragraph are the proximate cause of the collision" which caused the decedent's death would not make the petition fatally defective upon the striking of some of these allegations, where those remaining were prima facie sufficient to show negligence proximately resulting in the decedent's death. *Butts County* v. *Hixon*, 135 *Ga.* 26 (68 S. E. 786).

We have already held, under the instant bill of exceptions, that the demurrers to the third and last amendment should have been sustained and the amendment stricken. We deem it unnecessary to deal specifically and in detail with the other points made in the motion for rehearing, although we have given to each the most careful and thorough consideration.　　　　*Rehearing denied.*