20278. CLEMENTS v. CENTRAL OF GEORGIA RAILWAY COMPANY.

BROYLES, C. J. 1. "When those in charge of a railway train neglect to comply with the statutory precautions in approaching a highway, and a person on the crossing is struck and injured [by the train], the only defenses open to the company are, that the injury was done by the consent of the person injured; or that by the observance of ordinary care he could have avoided the injury; or, in mitigation of damages, that his negligence contributed to it." *Bryson* v. *Southern Ry. Co.*, 3 *Ga. App.* 407 (1) (59 S. E. 1124) ; *Reed* v. *Southern Ry. Co.*, 37 *Ga. App.* 550 (1) (140 S. E. 921).

2. Where one who is injured by the running of a railroad-train could, "by the exercise of ordinary care for his own safety, have avoided the consequences to himself of the defendant's negligence after it came into existence and was known to him, or could have been discovered by the exercise of ordinary care, an action for damages against the railroad company on account of negligence will not lie." *Central of Ga. Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (5) (89 S. E. 841) ; *Reed* v. *Southern Ry. Co.*, supra, headnote 2.

(a) However, "in this State it is not per se negligent for one not aware of the approach of the train to attempt to cross the track without stopping, looking, or listening." *Bryson* v. *Southern Ry. Co.*, supra. "Accordingly, such an attempt to cross the track by one not aware of the approach of a train can not, as a matter of law, be said to constitute such contributory negligence as will bar a recovery." *Reed* v. *Southern Ry. Co.*, supra, headnote 3.

3. In the instant case the pleadings and the evidence raised an issue of fact as to whether the defendant was guilty of failing to comply with the statutory requirements in approaching the street-crossing. An issue of fact was raised also as to whether, under all the circumstances of the case, the plaintiff was exercising ordinary care when injured. A third issue of fact was whether the plaintiff (if not lacking in ordinary care) was guilty of any negligence which contributed to his injuries. Those disputed questions of fact should have been submitted to the jury with appropriate instructions, and the court erred in directing a verdict in favor of the defendant.

> *Judgment reversed. Luke and Bloodworth, JJ., concur.*
> DECIDED APRIL 15, 1930.

*Robinson & Flynt, B. A. Lovvorn, Ed Wohlwender,* for plaintiff. *Arnold & Battle,* for defendant.