## 20725. FOSTER *v.* SOUTHERN RAILWAY COMPANY *et al.*

BELL, J. 1. In the instant suit for damages for the homicide of the plaintiff's husband, whether or not the petition should be construed as disclosing that the crossing at which the decedent was killed was such a public crossing that the statutory requirements (Ga. L. 1929, p. 315) were applicable, the allegations were sufficient to show, as against a

general demurrer, that the defendant was guilty of negligence in the failure to observe certain precautions, the nonobservance of which amounted to negligence under the circumstances. *Western & Atlantic Railroad* v. *Reed*, 35 *Ga. App.* 538 (134 S. E. 134); *Georgia, Southwestern & Gulf Ry.* v. *Lasseter*, 39 *Ga. App.* 393 (147 S. E. 166), s. c. 41 *Ga. App.* 154 (152 S. E. 267). It did not affirmatively appear from the petition that the decedent was himself guilty of such negligence as to bar a recovery, and, this being a matter of defense, the petition set forth a cause of action and was not subject to the general demurrer interposed. *Georgia R. Co.* v. *Stanley*, 38 *Ga. App.* 773 (145 S. E. 530); *Clements* v. *Central of Georgia Ry. Co.*, 41 *Ga. App.* 310 (2) (152 S. E. 849); *Hadaway* v. *Southern Ry. Co.*, 41 *Ga. App.* 669 (154 S. E. 296); *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759 (3) (154 S. E. 718).

2. A complaint for damages for a homicide, which charges simple negligence only, may be amended by adding a new count alleging that the homicide was the result of wilfulness or wantonness on the part of the defendant. Such an amendment complains of the same wrong, and merely varies the allegations as to the quality of the defendant's act, and hence does not set forth a new and distinct cause of action. "There can be but one cause of action for the homicide of any one man." *Harris* v. *Central Railroad*, 78 *Ga.* 525, 531 (3 S. E. 355). See also, in this connection, *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (5) (48 S. E. 318); *Strachan Shipping Co.* v. *Hazlip-Hood Co.*, 161 *Ga.* 480 (131 S. E. 283); *Western & Atlantic R. Co.* v. *Burnham*, 123 *Ga.* 29 (50 S. E. 984); *Flynt* v. *Southern Ry. Co.*, 7 *Ga. App.* 313 (2) (66 S. E. 957); s. c. 9 *Ga. App.* 757 (2) (72 S. E. 189); *Dundee Woolen Mills* v. *Edison*, 17 *Ga. App.* 245 (3) (86 S. E. 414); *Keiley* v. *Bristol*, 30 *Ga. App.* 725 (119 S. E. 334); *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4, 8 (152 S. E. 116); 45 C. J. 1090, § 663, citing Central of Georgia Ry. Co. *v.* Foshee, 125 Ala. 199 (27 So. 1006); Louisville &c. R. Co. *v.* Markee, 103 Ala. 160 (15 So. 511, 49 Am. St. R. 21).

3. An amendment relating to the same cause of action, but embodied in a separate count, is not objectionable because the allegations made therein are contradictory of those in the original petition. "A plaintiff may, in one petition, set out as many contradictory versions of the same transaction as he deems advisable to meet the probable evidence, provided each separate version is set forth in a separate and distinct count, itself constituting a complete cause of action of such a nature that it may properly be joined with the other alleged causes of action, and varies from all the other counts in some material particular." *Miller* v. *Southern Ry. Co.*, 21 *Ga. App.* 367 (5) (94 S. E. 619); *Gainesville &c. Ry. Co.* v. *Austin*, 122 *Ga.* 823 (3) (50 S. E. 983); *Central of Georgia Ry. Co.* v. *Pryor*, 142 *Ga.* 536 (83 S. E. 117); *National Surety Co.* v. *Farmers State Bank*, 145 *Ga.* 461 (89 S. E. 581).

4. An amendment to a petition which is otherwise allowable is not subject to objection because it was not offered until after the expiration of the term of court to which the suit was made returnable. Civil Code (1910), § 5681.

5 The averments in the petition and in the amendment, respectively, that it was the duty of the defendant railway company, under the circum-

stances, to station a watchman, and also to install an automatic signaling device or gate, at the crossing, not having been accompanied or followed by any sort of allegation that such duty was not complied with, or that the defendant company was guilty of negligence in a failure to perform such duty, the defendants' demurrers and objections to such averments were properly sustained. *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (4), 699 (13 S. E. 809). Upon this point, the instant case is distinguished from *Central of Georgia Ry. Co.* v. *Barnett*, 35 *Ga. App.* 528 (1 *a*) (134 S. E. 126), since in that case the petition alleged that the defendant *was negligent in failing* to maintain an automatic gate or watchman at the crossing.

6. Although the rules adopted by a railway company, governing the conduct of its employees in the operation of trains, may be admissible in evidence for the purpose of illustrating the negligence of the defendant in a situation to which the rule would be applicable (*Georgia Railroad* v. *Williams*, 74 *Ga.* 723 (3); *Chattanooga &c. R. Co.* v. *Whitehead*, 90 *Ga.* 47, 15 S. E. 629; *Atlanta Consolidated Street Ry. Co.* v. *Bates*, 103 *Ga.* 333 (7), 30 S. E. 41; *Southern Ry. Co.* v. *Tiller*, 20 *Ga. App.* 251, 92 S. E. 1011), the measure of the duty owed by the company to a member of the traveling public is fixed by the law of the land; and in a suit for injury to or death of one of such class, the private rules of the company could not be set up for the purpose of founding a substantive cause of action upon a breach of them. In the instant case the allegations which sought to predicate a charge of negligence upon a mere breach of the rules of the company were subject to objection and demurrer upon the ground that such breach did not in itself constitute negligence. This is in accordance with the weight of authority, although the decisions may not be altogether harmonious upon the subject. See, in this connection, Lyman v. Boston & Maine Railroad, 66 N. H. 200, 20 Atl. 976, 11 L. R. A. 364); McKernan v. Citizens Street Ry. Co., 74 N. J. 678 (65 Atl. 737, 8 L. R. A. (N. S.) 1062); Chicago, Burlington &c. R. Co. v. Lampman, 18 Wyo. 106 (104 Pac. 533, 25 L. R. A. (N. S.) 217); Deister v. Atchison, Topeka &c. Ry. Co., 99 Kan. 525 (162 Pac. 282, L. R. A. 1917C, 784); Longacre v. Yonkers R. Co., 236 N. Y. 119 (140 N. E. 215, 28 A. L. R. 1030); Pullman Co. v, Waln, 4 Fed. (2d) 1 (41 A. L. R. 1393).

(*a*) The court properly sustained all grounds of the special demurrer and of the "special objections" to such allegations of the petition and of the amendment respectively as sought to claim a mere breach of the company's rules as actionable negligence.

7. The court erred in not allowing the amendment to the petition, and also in sustaining all grounds of the demurrer to the petition and of the "special objections" to the amendment, with the exception of certain special grounds of each as indicated above.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided February 28, 1931.

*Harwell, Fairman & Barrett,* for plaintiff.
*Arnold & Battle,* for defendants.