804

## 24765. BOZIKIS v. KOLGAKLIS.

STEPHENS, J. 1. Where in a petition it is alleged that the plaintiff while riding as a guest of the defendant in the defendant's automobile received personal injuries as a result of the alleged negligence of the defendant in operating the automobile between 50 and 60 miles an hour and in violation of the laws of the State, and with brakes which were defective in such a manner that when they were applied the automobile would turn to one side, and that by reason of the defendant's application of the brakes in order to avoid striking an automobile immediately ahead which had suddenly slowed down, the defendant's automobile turned sharply to one side, left the road, turned over, caught fire and caused the plaintiff to receive certain described personal injuries, a proposed amendment to the petition which strikes the allegations of negligence in the petition as respects the brakes being defective in such a manner as to cause the automobile to turn to one side when the brakes are suddenly applied and that the defendant was negligent in operating the automobile with such brakes and was negligent in applying them in the emergency alleged, and which substitutes therefor an allegation of negligence on the part of the defendant in adjusting the brakes in such a manner that they were released from operating and that at the time of the plaintiff's alleged injuries the defendant was operating the automobile without brakes and was traveling between 50 and 60 miles an hour and that when in the emergency caused by an automobile 40 feet in front of him suddenly slowing down, the defendant, without attempting to go around the automobile which he could have done and safely passed it, but "evincing a reckless indifference to the consequences to the life, limb, health or safety of the plaintiff, *willfully* and *wantonly* drove his automobile off the highway, over the embankment, and into the ditch on the side of the said highway thereby overturning his automobile and setting same afire, causing the plaintiff to sustain the in- juries" as set out in the original petition, relates to the same wrong, namely the injuries to the plaintiff resulting from the act of the defendant in causing the automobile to overturn, and is not subject to the objection that it sets out a new cause of action.

2. The petition as amended in which it is alleged that the transaction complained of took place in the State of South Carolina, and that under the statutory law of South Carolina it was unlawful to operate any vehicle on the public roads of that State at a speed in excess of 45 miles per hour, and that also under the statutory law of South Carolina a guest, without pay, of an operator of a motor vehicle shall have a cause of action against the operator for damages for injuries sustained in case of accident where the "accident" shall have been "intentional on the part of the operator" of the automobile or was "caused by his heedlessness and his reckless disregard of the rights of others," and in which it is alleged that the conduct of the defendant which caused the plaintiff's injuries was the defendant's willfully and wantonly driving the automobile off the highway and over the embankment and into a ditch, and that this constituted willful and wanton conduct on the part of the defendant and also gross negligence as charged in the original petition

wherein the acts of the defendant in the operation of the automobile were charged as gross negligence and heedlessness and a reckless disregard of the rights of the plaintiff, set out a cause of action. The ruling in *Lee* v. *Lott*, 50 *Ga. App.* 39 (177 S. E. 92), is distinguishable in that in that case it does not appear that the operator of the automobile committed any willful or intentional act such as willfully driving the automobile off the road into a ditch.

3. The court erred in rejecting the amendment to the petition and in afterwards sustaining the demurrer and dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 10, 1936.

*Emanuel Kronstadt,* for plaintiff in error.
*Julian F. Corish,* contra.