34844.   ATLANTIC COAST LINE RAILROAD COMPANY
*v.* WILLETT *et al.*

DECIDED MARCH 9, 1954.

*Gibson & DeLoache, Sam J. Gardiner, R. D. Smith,* for plaintiff in error.

*Robt. R. Forrester,* contra.

QUILLIAN, J. Earl Willett and Mrs. Martha H. Newton, as administratrix of the estate of J. E. Newton, filed a suit in Tift Superior Court against Atlantic Coast Line Railroad Company, seeking a recovery for 5 cows, alleged to have been negligently killed. The original petition alleged that the defendant had injured and damaged the plaintiffs in the amount of $1,140; that the petitioners were the owners of five heifers of the value and description set forth; that at about 4 p. m. on March 29, 1952, these cows were grazing near the defendant's right-of-way at a point 2,500 feet south of a trestle located about a mile northeast of Tifton; "5. That at said time defendant's combination freight and passenger train approached from the southwest and that said cattle could have been seen and should have been seen by the exercise of ordinary diligence of the engineer and fireman stationed upon the engine of said train"; that though the cattle were visible to the engineer and fireman when the train was at least one-half mile away, they continued to operate the train without checking or slowing its speed, and caused the cows to run onto the aforesaid trestle, where they became trapped and were run down and killed by the defendant's train; and that the defendant was negligent, in failing to keep a proper lookout ahead, in that its employees failed to discover the cattle on the track, in running down and killing the cattle after they were seen by the defendant's employees, in failing to stop the train after discovering the cattle on the track, and in failing to anticipate

that the said cattle would be unable to pass over the said trestle, and would become hemmed in by the same and be run over and killed. These acts and omissions were alleged to have been the proximate cause of the death of the cattle.

The plaintiffs filed an amendment, by which they struck paragraph 5 of the original petition and substituted in lieu thereof the following: "That said cattle while they were upon the tracks of said defendant were seen by the employees of said company, who were in charge of said train, a distance of 250 yards ahead of said engine, at which time the loud blast was given by the whistle with which said engine was equipped, thereby causing said cows to run up said track, and that although the persons in charge of said train had ample opportunity to stop, they caused said cattle to run up said track for 321 yards until they reached the trestle hereinbefore set out, and upon said trestle, did run over said cows and kill them."

The defendant filed general and special demurrers to the petition, and renewed its demurrers after the amendment. The defendant also orally objected to the allowance of the amendment on the ground that the petition, "as brought, sought to recover from the defendant on the grounds of ordinary or simple negligence and that the amendment offered by the plaintiffs charged the defendant with, and sought to recover from it on the grounds of wanton and wilful conduct." The trial court overruled these objections, allowed the amendments and overruled the defendant's renewed general and special demurrers. The defendant filed exceptions pendente lite to that ruling and to the ruling on its objections to the allowance of the amendment. The case proceeded to trial, and a verdict for $1,000 was returned for the plaintiffs. The defendant's motion for a new trial on the general grounds was denied. The assignments of error here are on the denial of this motion, and also on the exceptions pendente lite.

■ The first ground of the special demurrer attacks the following language of the 6th paragraph of the petition: "and caused the same to run said cattle down the track around five hundred (500) feet and into said trestle where such cows could proceed no further." This allegation was demurred to as a conclusion of the pleader, and because it was not alleged in that

paragraph or elsewhere in the petition that all the necessary warning signals were not given by the engineer in charge of the train, and it did not appear why the cattle could not have left the track in response to the signals within the distance of 500 feet. The demurrer to paragraphs 8 and 9 was upon the ground that it was not shown why the cattle could not have left the track after the signal was given; and the demurrer to paragraph 10 was that this paragraph consists only of a conclusion of the pleader. The defendant demurred to paragraphs 8 and 9 of the petition on the ground that they were conclusions of the pleader, and because it was not shown in those paragraphs or elsewhere in the petition that warning signals were not given after the cattle were discovered on the track. These grounds of demurrer were not well taken, for the reason that the pleader was required only to set up some acts of negligence, and not to set up that the railroad employees were negligent in every way. The fact that an ordinary signal was given in the usual manner is not incompatible with the allegations of negligence. The rule that requires the exercise of ordinary care for one's own safety, and the rule requiring that the plaintiff must exercise ordinary care to avoid the consequences of the defendant's negligence after it becomes apparent, or by the exercise of ordinary care could become apparent, applies exclusively to people. While animals often have such intelligence and occasionally seem to act with more discretion than the people about them, still the law does not attribute to them the duty of exercising diligence in cases where it is alleged that they have been negligently injured.

The contention that paragraph 10 of the petition contains conclusions of the pleader is not well founded, for the reason that every allegation of that paragraph finds support in some one or more allegations of the petition.

The defendant objected to the amendment offered by the plaintiffs on the ground that it set forth a new cause of action from that originally declared upon in the petition; that it set out a cause for wilful and wanton conduct, whereas the petition originally set out a cause of action based entirely on ordinary negligence. The amendment was not subject to the objection made. Whether it did as a matter of law allege simple negligence or wilful and wanton misconduct on the part of the

defendant's employees, substantially the same allegations as contained elsewhere in the petition were incorporated in paragraph 5 by means of the amendment. Reference is only necessary to paragraphs 8 and 10 of the petition to reveal that they characterized the acts of the defendant's servants in almost the same language as does the amendment. It is true that paragraph 8 does allege that by the exercise of ordinary care the employees could have avoided striking the cows after they saw them, but in paragraph 10 it is simply alleged that they were negligent in not stopping the train and in not avoiding striking the cattle after they saw them and could have stopped the train. This ground of objection is without merit, and the trial court did not err in allowing the amendment over the objections urged.

■ The evidence was conflicting, and the plaintiffs' evidence was almost entirely circumstantial. However, it was sufficient to make an issue for the jury. The flagman testified that the cows were grazing very near the tracks when he first observed them and as the train approached, and when the whistle was blown. He also stated that the usual effect of blowing the whistle when cows are very near the track is to cause them to go upon the tracks. This evidence could not be taken as undisputed, in view of the testimony of the witness who saw the cows on the tracks just before the arrival of the train at the point where she observed them, and the testimony of other witnesses that they observed the tracks of the cows between the rails leading from where the witness saw the cows grazing on the tracks to the point where they were killed, and the identification of the remains of the cows by the plaintiff near the point where they were killed. The evidence as a whole made an issue for the jury as to whether the cows were killed by the defendant's negligence, and the court did not err in denying the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*