36248. BLACKWELL *v.* SOUTHLAND BUTANE GAS CO.

Decided July 2, 1956.

*Gordon M. Combs,* for plaintiff in error.

*J. G. Roberts, Dunaway & Embry,* contra.

GARDNER, P. J.  It is contended by the defendant that the petition was duplicitous.  The petition, as amended, is not duplicitous.  The petition, as amended, did not set out a new cause of action.  In *Foster* v. *Southern Ry. Co.,* 42 *Ga. App.* 830 (2) (157 S. E. 371), this court said: "A complaint for damages for homi-

cide, which charges simple negligence only, may be amended by adding a new count alleging that the homicide was the result of wilfulness or wantonness on the part of the defendant." Counsel also cites *Bozikis* v. *Kolgaklis*, 52 *Ga. App.* 804 (184 S. E. 764) and *Atlantic Coast Line R. Co.* v. *Willett*, 89 *Ga. App.* 712 (80 S. E. 2d 849). In support of this contention counsel cites *Buffington* v. *Atlanta, B. & C. R. Co.*, 47 *Ga. App.* 85 (169 S. E. 756). The facts in that case show that the pleadings were duplicitous but not so in the instant case. We have read with particular care *Georgia Power Co.* v. *Deese*, 78 *Ga. App.* 704 (51 S. E. 2d 724). A careful comparison of the facts in that case with the facts in the instant case shows that that case is not authority for affirmance of the instant case.

Regarding count 4, under the allegations thereof, there are no facts alleged which, under the law, would require the operator of the truck to anticipate that anyone would be lying on the highway, as the deceased was alleged to be, in the darkness of the night. It is our opinion that to hold that such should be anticipated would be dangerous to users of the highway.

The court erred in sustaining the general demurrer and dismissing the original petition. The court also erred in sustaining the demurrers to count 3 of the petition. The court did not err in sustaining the demurrers to count 4 of the petition.

*Judgment affirmed in part and reversed in part. Townsend and Carlisle, JJ., concur.*