ATLANTA & WEST POINT RAILROAD CO. *v.* HUDSON.

1. Except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, the question as to what acts do or do not constitute negligence is for determination by the jury, and it is error for the presiding judge to instruct them what ordinary care requires should be done in a particular case.

2. Language used by the Supreme Court in deciding a case before it, especially where used in discussing the facts of such case, is often inappropriate for use by the judge of a trial court in charging the jury.

3. In an action against a railroad company for the killing of cattle, it was error for the presiding judge to instruct the jury that if they should find from the evidence that the defendant "did use all the means at its command, after the cattle were discovered on the track, or so near thereto, as the court has already charged you, and exercised all ordinary care and reasonable diligence to prevent the train from running over the cattle," the presumption arising from proof of killing the cattle would be rebutted. The requirement that the company should use "all the means at its command," was more stringent than the law provides.

Argued April 24, — Decided May 15, 1905.

Action for damages.    Before D. J. Gaffney, judge pro hac vice. City court of LaGrange.    October 21, 1904.

Hudson brought suit against the Atlanta and West Point Railroad Company, seeking to recover for the killing and injury of certain cattle alleged to have been struck by one of its trains. It is unnecessary to set out the evidence.    The jury found for the plaintiff.    The defendant moved for a new trial; and upon its being denied, excepted.

*Dorsey, Brewster & Howell, A. H. Thompson,* and *Arthur Heyman,* for plaintiff in error.

*J. R. Terrell* and *F. P. Longley,* contra.

Lumpkin, J.    (After stating the facts.)    1, 2. Several charges of the judge were alleged as error on the ground that they undertook to instruct the jury what acts ordinary care required the employees of the company to do.    In one instance he charged as follows:    "You will look to all these questions under the evidence in this case, to determine the truth of the same for yourselves; for the law imposes the duty on the railroad company to maintain a lookout to discover cattle on its track, to stop its train as soon as cattle appear upon its track, or in the act of approaching it, or so near to the same that a slight change of position

by them would result in their destruction or injury." This was error. "In the trial of an action in a court of this State, for a negligent tort, it is error for the court to tell the jury what facts do or do not constitute negligence, unless there is a statute or valid municipal ordinance which in terms or in effect declares the act referred to to be negligence." *Savannah Ry. Co.* v. *Evans,* 115 *Ga.* 315, 316.

That the Supreme Court may employ certain language in discussing a case, especially in regard to the facts under consideration, does not necessarily render such language proper for use by the judge of a trial court. A Justice of the Supreme Court, in giving reasons for a judgment rendered, often uses argumentative language which would be wholly inappropriate for use in a charge by a judge of a trial court. There is no prohibition of law against an expression of opinion on the facts of the case by the Supreme Court. There is a direct prohibition as to an expression of such an opinion by a trial judge in his charge. Civil Code, § 4334. The presiding judge gave to the jury, as propositions of law, substantially certain statements which were made in opinions of this court in discussing the facts of cases then before it. *East Tenn. Railway Co.* v. *Burney,* 85 *Ga.* 636; *Central of Ga. Ry. Co.* v. *Ross,* 107 *Ga.* 75; *Atlantic Coast Line R. Co.* v. *Williams,* 120 *Ga.* 1046, 1047. What was said in those decisions was in connection with the question of whether the verdicts were sustained by the evidence, and whether there was in fact evidence of negligence. The difference between such discussions and legal propositions suitable for a charge is obvious. The trial judge should not tell the jury what acts would constitute negligence, and what would not, but should instruct them as to the proper measure of diligence, and leave them to determine, in view of all the evidence bearing on the subject of the time, place, circumstances, and happenings, whether there was or was not a want of due care. *Central of Ga. Ry. Co.* v. *McKenney,* 118 *Ga.* 535; *Calvin* v. *State,* 118 *Ga.* 73; *Savannah, F. & W. Ry. Co.* v. *Evans,* 115 *Ga.* 315, 316, supra. There is no conflict between this ruling and that in *Western & Atlantic R. Co.* v. *Burnham,* 123 *Ga.* 28. There is a wide difference between charging as to a duty imposed by law upon a carrier of passengers, and telling the jury that it was the duty of

the railroad company to do certain specified acts to avoid injury to cattle along the road.

3. The measure of duty required of the employees of a railroad company in respect to stock along the line of its road is ordinary care. A charge which submitted to the jury to determine whether the defendant company "did use all the means at its command" declared too stringent a rule, and was erroneous. See cases cited in Hopkins on Personal Injuries, § 59 ; *Florida Central and Peninsular R. Co.* v. *Lucas*, 110 *Ga.* 121, 123.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*