### 10861.　SAVANNAH ELECTRIC COMPANY *v.* JOSEPH.

STEPHENS, J. 1. In a suit against a street-car company to recover for damage to personal property, caused by the running of one of the defendant's cars, there is a presumption of negligence against the defendant, which presumption, taken together with the evidence of negligence on the part of the plaintiff, may constitute an issue for the jury. Even though plaintiff's negligence be conclusively shown, its causal connection with the injury may nevertheless be a question for the jury.

2. It is not the duty of the trial judge to instruct the jury as to what facts constitute negligence. It was proper to refuse a request of the defendant to charge that "A railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of cars upon that track." While this is stated as a truism by the Supreme Court in *Western & Atlantic Railroad Co.* v. *Ferguson,* 113 *Ga.* 708, 713 (39 S. E. 306, 54 L. R. A. 802), it does not necessarily follow that it should be given in charge to the jury. *Atlanta & West Pt. Railroad Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29).

3. The other special request to charge was, so far as pertinent, covered by the general charge.

4. A statement in the charge of the court not adjusted to the evidence is not reversible error when it is harmless and not prejudicial to the losing party.

5. The court correctly instructed the jury relative to the impeachment of witnesses by previous contradictory statements. It was therefore not error to fail to instruct the jury further in this connection, in the absence of any special request therefor.

6. The evidence supports the verdict and no error of law appears.

　　　　*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

　　　　　　　　　　DECIDED JULY 19, 1920.

Action for damages; from city court of Savannah—Judge Freeman. July 18, 1919.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Anderson, Cann, Cann & Walsh,* contra.