### 32880. SOUTHERN BELL TELEPHONE & TELEGRAPH CO. *v.* BAILEY.

DECIDED FERBUARY 17, 1950.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, E. D. Smith Jr., G. A. Huddleston,* for plaintiff in error.

*N. F. Culpepper, W. S. Allen, Ben R. Freeman,* contra.

TOWNSEND, J. ▮ Special ground 1 of the amended motion for a new trial complains of error in the charge as follows: "Gentlemen, if you find the defendant used such degree of caution and care at the time of the transaction in question that an ordinarily prudent person would have used under the same or similar circumstances, you would be authorized to find a verdict for the defendant." As pointed out, the word "authorized" should have been "required." However, immediately before this sentence the court charged that if the defendant "used such care as an ordinarily cautious and prudent person would use under like circumstances . . and used reasonable and ordinary care under all the circumstances, there can be no recovery. He is required to use just such care as an ordinarily cautious and prudent person would use under' like circumstances." This portion of the charge corrected and modified the erroneous charge complained of, and the charge as a whole could not have confused or misled the jury. This question has already been considered and decided by our appellate courts. See *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (5) (49 S. E. 818); *Georgia Railroad* v. *Pittman,* 73 *Ga.* 325; *Krogg* v. *Atlanta & West Point Railroad,* 77 *Ga.* 202 (4 Am. St. R. 79); *Spalding Lumber Co.* v. *Hemphill,* 77 *Ga. App.* 1 (47 S. E. 2d, 514); *Wilcox* v. *State,* 79 *Ga. App.* 151 (53 S. E. 2d, 127). Where it appears that the word complained of represents merely a verbal inaccuracy, and the charge as a whole lays down the principle of law involved correctly, the case will not be reversed on this ground. *Thomas* v. *State,* 27 *Ga. App.* 38 (4) (supra.)

▮ The defendant admits through its counsel that there is in the record sufficient evidence to authorize a finding by the jury that its agent was negligent in the operation of the automobile, but contends that such negligence does not entitle the plaintiff to recover because the deceased met his death as a result of his failure to exercise ordinary care for his safety. The

following cases applying this principle of law are cited: *South-ern Ry. Co.* v. *Hogan,* 131 *Ga.* 157 (1) (62 S. E. 64); *Smith* v. *American Oil Co.,* 77 *Ga. App.* 463 (49 S. E. 2d, 90); *Sumner* v. *Thomas,* 72 *Ga. App.* 351 (33 S. E. 2d, 825); *Vassiere* v. *J. B. Pound Hotel Co.,* 184 *Ga.* 72 (190 S. E. 354); *Americus, Preston & Lumpkin Ry. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105); *Mans-field* v. *Richardson,* 118 *Ga.* 250 (45 S. E. 269); *Georgia Power Co.* v. *Maxwell,* 52 *Ga. App.* 430 (183 S. E. 654); *Lane Drug Stores* v. *Story,* 72 *Ga. App.* 886 (35 S. E. 2d, 472); *Banks* v. *Housing Authority of Atlanta,* 79 *Ga. App.* 313 (53 S. E. 2d, 595); *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (80 S. E. 36). These cases all emphasize that only in cases where there can be but one opinion does the court have authority to decide questions of negligence as a matter of law. The physical facts surrounding the collision here—that it was a clear, sunny day, that the road was well paved, straight and marked by a center line, and that there were no appreciable obstacles to block the vision of either party—lead this court to the inescapable conclusion that there was negligence on the part both of the driver and of the deceased. But the negligence of the latter will not bar recovery in this State as a matter of law unless, as a matter of law, it amounted to the lack of ordinary care. Apparently he was not aware of his danger until the moment of impact. Likewise, the driver testified that he was unaware of the peril until his automobile was within 75 feet of the point of impact. The violence of the blow, and length of the skid marks, are strong circumstances supporting the oral testimony that the car was traveling in excess of the legal speed of 55 miles per hour, which would amount to negligence per se. One witness testified that the car was pulling out toward the left lane as it passed the store, 300 feet north of the point of collision. Our Code, § 105-603, states: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." In *Wilson* v. *Pollard,* 62 *Ga. App.* 781, at page 786 (10 S. E. 2d, 407), it is stated: "A person can not be charged with the duty of using any degree of care and dilligence to avoid the negli-

gence of a wrong-doer until he has reason to apprehend the existence of such negligence." In other words, he must actually know of it, or the facts must present such a situation that persons generally would apprehend such negligence to exist and guard against it. In the instant case the deceased was certainly negligent if he stepped into a highway without glancing back to ascertain whether the truck which had just passed him was being followed by another automobile, and if in so doing he had placed himself immediately in front of the automobile and had been run down a different situation would have been presented. But he actually made his way safely to the center line of the highway, and had crossed over into the northbound lane when the car, by this time entirely within the northbound lane, hit him with its right fender. In *Wright* v. *Bales*, 62 *Ga. App.* 328 (7 S. E. 2d, 765), it is stated: "It cannot be affirmed as a fixed rule that one crossing a street or highway diagonally must turn and look back. Whether he should do so depends on the circumstances of the particular case. He must be alert, but when he must look depends on the law of the road, the current of traffic, the means of observation, the local conditions, the position and direction of moving vehicles, etc. . . Whether a pedestrian who was crossing the street or road and before reaching the center thereof was hit by an automobile being driven on the left side of said street or road relatively to the direction in which the automobile was traveling, was negligent in not looking to his right for the automobile approaching in that direction is a jury question." Similarly, whether one who has passed the center line of a highway is so negligent as to bar recovery in not *at that time* looking back to ascertain whether an automobile is approaching him on the wrong side of the road is likewise a jury question. Nor can it be decided by this court that the deceased's failure to look before stepping into the highway at all proximately caused his injuries for, had he looked, and had he seen the automobile approaching, there was still time for him to leisurely cross the southbound traffic lane and reach a position in the safety of the northbound lane. Suppose, with knowledge of the approaching car, he had done just what he did and entered the highway believing the car would pass him safely simply by staying in its own traffic

lane.   He was not bound to anticipate that the driver would pull into the left traffic lane instead of continuing in the right lane. If, on the other hand, the car was proceeding down the left lane, and he had actually seen it in that lane, ordinary care should have prevented him from entering the highway at that point.   Since, however, it does not appear that he saw the car in that position or had actual knowledge of its presence there, he cannot be charged with a duty to avoid it while it was in the wrong traffic lane.   One not himself violating the law is not charged with the duty of anticipating that it will be violated by another.   This court has often held that when the allegations of negligence in the petition, if supported by evidence, are sufficient to constitute a jury question as to whether or not the negligence exists, then in determining whether or not the same constitutes the proximate cause of the injury, no general rule can be laid down, as each case must depend for solution upon its particular facts.   It is a jury question if reasonable minds might differ as to whether such negligence constitutes the proximate cause of the injury.   *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S. E. 2d, 18).   The evidence in this case is sufficient to make a jury issue as to whether or not the defendant, after becoming aware of the peril of the deceased, could have avoided striking him, as well as to make a jury issue of whether or not the deceased's negligence was equal to or greater than that of the defendant so as to bar a recovery, and also whether or not the deceased used ordinary care in the premises for his own safety.   Since, walking leisurely across the highway, he had entirely cleared the southbound traffic lane in which the defendant's agent ought to have been traveling, the jury might well have found that the defendant's negligence was the sole proximate cause of the injuries sustained.   Negligence of the deceased, if it did not contribute proximately to cause the injury, is not in issue.   The jury was authorized to find that the road was clear, the visibility perfect, and that the defendant's driver, simply by remaining in his own traffic lane and proceeding thereon without taking any other action whatever might have avoided the collision.   The driver, as a part of the res gestae, stated: "My God, it's all my fault.   I had rather it had been me."   All these questions were properly submitted to

the jury and, the verdict being supported by some evidence and having the approval of the trial court, will not be reversed on the general grounds.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*