34845. Cone *v.* Atlantic Coast Line Railroad Company *et al.*

Carlisle. J. 1. On the trial of an action for alleged negligence, brought by a plaintiff alleged to have been an automobile guest, against a railroad company and its engineer to recover damages for alleged injuries growing out of a collision between the automobile in which the plaintiff was riding and the defendant company's freight train, where the evidence is in conflict on the various aspects of negligence charged—it is error requiring the grant of a new trial for the trial court to charge the jury as a matter of law: that "a railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of. trains upon the track, even at a public crossing in a city. An ordinarily prudent person in the possession of all his faculties would not attempt to cross a railroad track at any place without using at least his sense of sight, if not that of hearing, to determine whether at the time and place he was about to cross the same there was present any of those dangers which a person of ordinary intelligence would reasonably apprehend." In *Western & Atlantic R. Co.* v. *Jarrett*, 22 *Ga. App.* 313 (4) (96 S. E.

17), this court held: "While it may be true as a matter of fact that a railroad track is a place of danger, and one going thereon must exercise such a degree of care and diligence for his own safety as a man of ordinary care and prudence would exercise under similar circumstances, the judge did not err in declining so to instruct the jury in compliance with a written request. Neither did he err in declining to give a requested charge as to the duty of the plaintiff . . . in attempting to pass over a railroad public crossing in an automobile. Both requests called for an intimation of opinion as to what would constitute negligence and as to a matter of fact. . . While in the case of *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708, 713 (39 S. E. 306, 56 S. E. 802), it is declared that a railroad track is a place of danger, and that one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track, it is not there held, nor has it been elsewhere ruled by our Supreme Court or this court, that an instruction to the jury to this effect would be proper, in view of the mandatory inhibition of Section 4863 of the Civil Code [Code § 81-1104], and of the reported rulings of the Supreme Court and this court that questions of negligence are for the jury." The ruling in that case has been followed in *Central of Ga. Ry. Co.* v. *Barnett,* 35 *Ga. App.* 528 (1 d), 533 (134 S. E. 126) and *Seaboard Air-Line Ry. Co.* v. *Benton,* 43 *Ga. App.* 495 (15), 503 (159 S. E. 717); and the same rule has been applied in *Savannah Electric Co.* v. *Joseph,* 25 *Ga. App.* 518 (2) (103 S. E. 723); *Atlanta & West Point R. Co.* v. *Miller,* 23 *Ga. App.* 347 (98 S. E. 248). In this connection see also *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108, 109 (51 S. E. 29), where Lumpkin, J., speaking for the Supreme Court, had this to say: "That the Supreme Court may employ certain language in discussing a case, especially in regard to the facts under consideration, does not necessarily render such language proper for use by the judge of a trial court in charging a jury. A Justice of the Supreme Court, in giving reasons for a judgment rendered, often uses argumentative language which would be wholly inappropriate for use in a charge by a judge of a trial court. There is no prohibition of law against an expression of opinion on the facts of the case by the Supreme Court. There is a direct prohibition as to an expression of such an opinion by a trial judge in his charge." If it be not error for the trial court to refuse a charge in the identical words of the charge here complained of, 'for the reason that to give the charge requested would have constituted an intimation of an opinion on the court's part, it must necessarily follow that to give such charge is erroneous for the same reason. Special grounds 1, 2, and 3 of the motion for new trial are hereby disposed of.

2. The error assigned in special ground 4—that the trial court in its recharge to the jury intimated that the defendants had introduced evidence which showed that the sole proximate cause of the plaintiff's injuries was the negligence of the driver of the automobile in which the plaintiff was riding at the time of the collision—is not likely to recur on another trial of the case and is not now considered.

3. In special ground 5, error is assigned on the refusal of the trial court to include in its charge to the jury the following written request: "I

charge you that, under the law in this State, it is not negligence as a matter of law for a person, not aware of the approach of a train, to fail to stop, look or listen, before attempting to cross a public railroad crossing, and the failure under such circumstances to stop, look or listen, would not, as a matter of law, bar a recovery by the plaintiff for damages, the question of negligence being one for the jury to decide." While the last clause of the request, which leaves the question of negligence to the jury, saves the request from the criticism lodged against a somewhat similar charge in *Atlantic Coast Line R. Co.* v. *Brand,* 79 *Ga. App.* 552 (54 S. E. 2d 312), and while it is a correct statement of a principle of law applicable to the pleadings and evidence in the case, and should have been given in compliance with the request, we think that, in view of the confusion which continues to arise between the use of the expressions "not negligence as a matter of law" and "not negligence per se," the use of the expression "not negligence per se" in the instant request to charge would have been a better choice of language as tending to avoid confusion on the part of the jury as to negligence per se and simple negligence. For a detailed discussion of the danger inherent in confusing the terms in charging the jury, see the special concurrence of MacIntyre, P. J., in the *Brand* case, supra, at pp. 556-559.

4. Whether or not the excerpt from the charge complained of in special ground 6 is subject to the criticism lodged against it, we cannot say, since this portion of the charge as it appears in the transcript of the charge in the record is so confused as to be almost meaningless. Whether this be the fault of the transcription or the charge, it is not likely to recur on another trial, and, as the case must be remanded for another trial, that assignment of error is not considered.

The trial court erred in denying the motion for new trial for the reasons stated in the opinion.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 14, 1953—REHEARING DENIED OCTOBER 29, 1953.

*Steve M. Watkins, Titus, Altman & Johnson,* for plaintiff in error.

*S. Spencer Bennet, Alexander, Vann & Lilly, Thomas K. Vann, Jr.,* contra.