**39219.    UNDERWOOD v. ATLANTA & WEST POINT RAILROAD COMPANY.**

DECIDED SEPTEMBER 5, 1962.

*Greene, Neely, Buckley & DeRieux, John D. Jones,* for plaintiff in error.

*Heyman, Abram, Young, Hicks & Maloof, Herman Heyman,* contra.

HALL, Judge. 1. This court held in its previous opinion that the railroad did not fall within the class of persons for whose benefit the statute (*Code Ann.* § 68-1663) was enacted. The Supreme Court reversed this court's ruling on this point. While conceding that the driver of a motor vehicle for hire is regulated by *Code Ann.* § 68-1663 only when he is carrying a passenger and not regulated by it when he is not carrying a passenger, the Supreme Court nevertheless held that the railroad was within the class of persons for whose benefit *Code Ann.* § 68-1663 was enacted. Since the decisions of the Supreme Court of Georgia interpreting *Code* § 68-1663 are binding on this court as precedents, we must accept their above logic to be infallible. Therefore, a violation of this statute would be negligence per se as to the defendant railroad.

Having held in our previous opinion that *Code Ann.* § 68-1663 was inapplicable, we did not consider plaintiff's assignments of error in Grounds 6 and 12 of his motion for new trial, complaining of a charge of the court, set out below, on the ground that it was an incorrect explanation of the statute: "I charge you that the statute of this State governing the conduct of the plaintiff at the railroad crossing in question required that he stop in a place where, by looking, he could see and, by listening, he could hear, and where he could give his undivided attention by looking and listening to determine whether or not a train was approaching, and, if he failed to do this, you would find that he was in violation of his legal duties, which would constitute negligence per se, that is, negligence as a matter of law." The statute being applicable under the decision of the Supreme Court we must now consider whether this charge is error.

The defendant contends that the evidence concerning the plaintiff's conduct at the crossing, construed most favorably to him, is insufficient to show that he complied with *Code Ann.*

§ 68-1663. The plaintiff testified that he stopped where he could see, listened, looked or "glanced" both ways, and started forward. We agree with defendant's contention that the statute places an absolute duty on drivers to stop, listen and look.

The duration of the stopping, listening, and looking must be sufficient to assure a reasonably prudent person that no train is approaching that will endanger his proceeding across the tracks safely. All the circumstances and conditions at the crossing at a given time will determine whether the stop and attention given by the driver is sufficient to enable him reasonably to believe that he can proceed safely. But the requirement that the driver not proceed until he can do so safely cannot be construed to make the driver an insurer against all danger. The lack of safety can depend upon factors other than the driver's negligence and beyond his control. The jury only can determine, if they believe the plaintiff stopped, listened and looked, whether the time and attention he gave to this was reasonable under all the circumstances and conditions at the time and place, and whether toward the injured party he exercised due care to determine that he could proceed safely. See *Teague v. Keith*, 214 Ga. 853 (108 SE2d 489).

The above quoted charge correctly interpreted a part of *Code Ann.* § 68-1663, but was error in that it did not go further and explain the effect, as stated above, of the requirement that the driver "not proceed until he can do so safely." "Where the judge undertakes to charge the law upon a particular subject, he should charge all the law on that subject that is material and applicable to the case." *Barton v. State*, 79 Ga. App. 380, 388 (53 SE2d 707); *Tucker v. Talmadge*, 186 Ga. 798, 800 (6) (198 SE 726).

The trial court erred in overruling Grounds 6 and 12 of plaintiff's motion for new trial for the reasons stated above.

2. We are of the opinion that the evidence in this case does not show indisputably that the plaintiff failed to comply with *Code Ann.* § 68-1663; or that by compliance with *Code Ann.* § 68-1663 the plaintiff could have avoided the consequences of any negligence of the defendant; or that the plaintiff's injury resulted solely from his own negligence. The question whether

by compliance with the statute the plaintiff could have avoided the consequences of the negligence of the defendant, if any, which the plaintiff apprehended or had reason to apprehend when he started across the tracks, and the question of what caused or contributed to cause the plaintiff's injuries, must be left to the jury.

We, therefore, adhere to Divisions 2, 7 and 8 of our previous opinion.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*