39998, 40011. ETHERIDGE MOTORS, INC. v. HAYNIE; and vice versa.

DECIDED APRIL 2, 1963—REHEARING DENIED APRIL 24, 1963.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.

*Joseph E. Cheeley, Hamilton Lokey,* contra.

EBERHARDT, Judge. The motion was granted on ground 5 only, wherein error was assigned upon the charge that "if the plaintiff, by the exercise of ordinary care, *and by the use of his sight,* could have avoided the negligence of the defendant, if any, and if you find from the evidence in this case that the plaintiff

herein has *failed to use his sense of sight,* then he could not be entitled to recover, even though you might find that the defendant was negligent." (Emphasis added). Apparently the trial judge concluded that this charge had the effect, in the event the jury should find that the plaintiff had failed to use his sense of sight to discover defendant's negligence, of removing the issue of comparative negligence from their consideration, and further had the effect of instructing the jury that the exercise of ordinary care would necessarily include his use of the sense of sight.

We agree that the charge was erroneous. It is the province of the jury to determine what act or failure to act may have constituted ordinary care under the circumstances. "For the Judge to tell the jury that under such circumstances it was the duty of the defendant to 'keep a reasonable lookout,' 'to give warning signals such as will apprise them of an approaching train,' and 'to moderate the speed of its train so as to enable them to escape injury,' was in effect telling them what acts consituted ordinary care and as such was erroneous. [citations]" *Hunt v. Pollard,* 55 Ga. App. 423, 427 (190 SE 71).

■ In his cross-bill of exceptions plaintiff assigns error upon the denial of a new trial on the three remaining special grounds, all of which are exceptions to portions of the charge in which the court gave the legal definition of a "licensee" and stated the duty owing by the owner or occupier of premises to a licensee. It is asserted that since this court held on the previous appeal that under the facts pleaded plaintiff was an invitee and not a mere licensee, and since the evidence supporting the allegations there dealt with (see third division of the former opinion, 103 Ga. App. 676, 680, supra) was uncontradicted, the issue of whether plaintiff was a licensee was not in the case and, in that respect, the charge was not adjusted to the evidence. We agree that these grounds of the amended motion are also meritorious and that a new trial should have been granted on them as well as on ground 5. *Carmichael v. Silvers,* 90 Ga. App. 804, 819 (2) (84 SE2d 668). Moreover, it was uncontradicted that the agent in charge of the defendant's place of business was aware of the presence of plaintiff on the premises and under this circumstance the duty owed to him, whether a licensee or an invitee,

was that of ordinary care. *Herrin v. Lamar,* 106 Ga. App. 91 (1) (126 SE2d 454).

*Judgment affirmed on main bill of exceptions; reversed on cross-bill. Felton, C. J., and Russell, J., concur.*