### 40156. NORTHERN FREIGHT LINES, INC. v. SOUTHERN RAILWAY COMPANY.

HALL, Judge. The plaintiff sued the defendant railroad for damages to its tractor-trailer which occurred when the defendant's train hit the rear of the trailer which was on the track at a railroad crossing. The railroad brought a cross action for damages to its locomotive. The evidence was in conflict on all questions of negligence, and the jury found a verdict for the defendant and awarded no damages on the defendant's cross action. The defendant, as plaintiff in error in this court, argues assignments of error on the trial court's overruling of four special grounds of its motion for new trial directed at instructions given by the trial court to the jury. *Held:*

1. The following charge was not error: ". . . the precise thing which every person is bound to do before going on a railroad track is that which every prudent man would do under like circumstances; and if there is a place of safety from which a prudent man would look upon the course from which oncoming trains might come, the driver of a vehicle should look upon such course from that point and so take the necessary precautions, both for himself and his vehicle." We agree with the discussion and statement of Justice Bleckley in *Richmond &c. R. Co. v. Howard,* 79 Ga. 44, 51-53 (3 SE 426): "The court cannot instruct the jury what a prudent man would do, for in legal contemplation, the jury know it better than the court." However, the above charge does not instruct the jury what a prudent man would do, but instructs that, if the jury find a prudent man would do a certain thing before crossing a railroad track, then ordinary care would require any driver crossing the track to do the same thing. See *Macon R. &c. Co. v. Barnes,* 121 Ga. 443, 446 (49 SE 282).

2. The charge to the effect that the law does not impose upon a railroad engineer an absolute duty to have his engine under such control when approaching a crossing that he can bring it to a stop in order to avoid injury to persons and property at the crossing, was not error. Generally, no person or party to an action is an insurer against injury. *Georgia Sou. &c. R. Co. v. Haygood*, 103 Ga. App. 381 (119 SE2d 277); *Underwood v. Atlanta &c. R. Co.*, 106 Ga. App. 467, 469 (127 SE2d 318); *Flanigan v. Reville*, 107 Ga. App. 382 (130 SE2d 258).

3. The plaintiff complains of a charge stating that a railroad track is a place of danger and "an ordinarily prudent person in the possession of all his faculties would not attempt to cross a railroad at any place without using at least his sense of sight, if not that of hearing, to determine whether at the time and place he was about to cross the same there was present any of those dangers which a person of ordinary intelligence would reasonably apprehend." The charge followed language used in the opinion in *Western &c. R. Co. v. Ferguson*, 113 Ga. 708, 713 (39 SE 306, 54 LRA 802). It has been held reversible error in *Cone v. Atlantic C. L. R. Co.*, 89 Ga. App. 74 (78 SE2d 836), and a number of cases have held that the trial court did not err in refusing a request to charge this language. *Macon R. &c. Co. v. Barnes*, 121 Ga. 443, 446, supra; *Seaboard Air Line R. Co. v. Benton*, 43 Ga. App. 495, 503 (159 SE 717). "It is not incumbent upon the court to instruct the jury that it is the duty of one who attempts or intends to cross a railroad track to use his senses of hearing and seeing before stepping on the track." *Richmond &c. R. Co. v. Howard*, 79 Ga. 44, 53, supra. The reason for these decisions is that "the court cannot instruct the jury what a prudent man would do." *Richmond &c. R. Co. v. Howard*, supra. See also *Atlanta &c. R. Co. v. Hudson*, 123 Ga. 108, 109 (51 SE 29); *Jordan v. Lee*, 51 Ga. App. 99 (179 SE 739); *Savannah Electric Co. v. Joseph*, 25 Ga. App. 518 (103 SE 723). The charge complained of in the present case violates this rule and was reversible error.

4. The plaintiff complains of a charge stating that employees operating trains have a right to act on the presumption, in the absence of anything to the contrary, that an apparently able adult on the track will get off or take available precautions to avoid injury. In the present case, where the evidence did not

demand a finding that the railroad employees were not negligent, this charge, considered alone, was error for the reason that it was not a complete statement of the law applicable. See *Edwards v. Atlanta B. &c. R. Co.*, 63 Ga. App. 212, 215 (10 SE2d 449); *Underwood v. Atlanta &c. R. Co.*, 106 Ga. App. 467, 469, supra. It failed to include another principle that would be necessary to make it correct: A person who is himself negligent loses the benefit of the presumption that others will act in a lawful manner, but must rather presume that others, like himself, may not act lawfully. *Anderson v. Williams*, 95 Ga. App. 684, 686 (98 SE2d 579); *Davis v. Whitcomb*, 30 Ga. App. 497, 499 (118 SE 488). See *Collins v. Augusta-Aiken R. Corp.*, 13 Ga. App. 124, 128 (78 SE 944); *Southern Bell Tel. &c. Co. v. Bailey*, 81 Ga. App. 20, 25 (57 SE2d 837). Since the judgment will be reversed for the reasons discussed in Division 3 of this opinion, it is not necessary for us to decide whether or not the defect in the charge complained of was cured by another part of the charge which mentioned the principle of negligence law stated above.

Though we have not held all of the instructions upon which error is assigned to be reversible error in the present case, we do not hold that the trial court would be required to give any of them to the jury upon request. As was observed by the court in *Cone v. Atlantic C. L. R. Co.*, 89 Ga. App. 74, supra, and other cases, language employed by an appellate court in discussing a case may be argumentative and is not necessarily proper for use by a trial judge in charging a jury.

*Judgment reversed. Carlisle, P. J., and Bell, J., concur.*

DECIDED JUNE 19, 1963—REHEARING DENIED JULY 11, 1963.

*Joseph H. Blackshear*, for plaintiff in error.

*Wheeler, Robinson & Thompson, Emory F. Robinson*, contra.

ON DEFENDANT'S MOTION FOR REHEARING.

HALL, Judge. The defendant contends that, whatever the law may have been earlier, the enactment in 1953 of *Code Ann.* § 68-1661, authorizes the charge discussed in Division 3 of this opinion and makes it harmless in the present case. That statute requires that a driver who approaches a railroad crossing "shall stop within 50 feet but not less than 15 feet from the nearest rail

of such railroad, and shall not proceed until he can do so safely, when: . . . (c) An approaching train is plainly visible and is in hazardous proximity to such crossing." The defendant argues that to comply with this statute a person must use his sense of sight and hearing before crossing a railroad to determine if a train is plainly visible and in hazardous proximity to the crossing; hence a failure to do so is negligence as a matter of law, and the holding in *Cone v. Atlantic C. L. R. Co.*, 89 Ga. App. 74, supra, prior to *Code Ann.* § 68-1661, has become obsolete. We need not decide but we will assume that the charge in question would be harmless if the issue of negligence per se alone were involved. In the present case, however, the defendant's answer alleged both common law negligence and negligence per se in violation of *Code Ann.* § 68-1661 on the part of the plaintiff's driver. The evidence created issues of fact as to whether the plaintiff's driver violated a duty imposed upon him by *Code Ann.* § 68-1661. The trial judge instructed the jury on ordinary common law negligence and on the provisions of *Code Ann.* § 68-1661 and its violation as negligence per se, and the jury was required to make a finding on each. The instruction discussed in Division 3 related in this case to ordinary common law negligence, just as it did in the *Cone* case and other cases cited in this opinion. We do not agree that *Code Ann.* § 68-1661 makes Justice Bleckley's reasoning in *Richmond &c. R. Co. v. Howard*, 79 Ga. 44, supra, unsound and inapplicable at the present time. It is still the law applicable to this instruction respecting common law negligence. This court has recently applied the same reasoning. *Etheridge Motors, Inc. v. Haynie*, 107 Ga. App. 674 (131 SE2d 212). We adhere to Division 3 of the opinion.

*Rehearing denied. Carlisle, P. J., and Bell, J., concur.*