## 51564. ATLANTA & WEST POINT RAILROAD COMPANY v. ARMSTRONG.

ARGUED JANUARY 14, 1976 — DECIDED APRIL 19, 1976 — REHEARING DENIED MAY 11, 1976 —

*Heyman & Sizemore, William H. Major, William B. Brown, Robert E. Tritt,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler,* for appellee.

DEEN, Presiding Judge.

1. The defendant's first enumeration of error challenges the trial judge's charge to the jury on the duty to stop at a railroad grade crossing. The applicable law at the time of the accident was Code Ann. § 68-1661 (c) (repealed by Acts 1974, pp. 633, 691): "Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within 50 feet but not less than 15 feet from the nearest rail of such railroad, and shall not proceed until he can do so safely, when: (c) An approaching train is plainly visible and is in hazardous proximity to such crossing."

The jury requested a clarification of the law on this point and then returned for a recharge. The transcript reveals the following occurred after the trial judge recharged in the language of Code Ann. § 68-1661 (c):

The Foreman: "If there is no approaching train or he

cannot see it, is the law that he does not have to stop? In other words, if he doesn't see a train — it wasn't clear to us?" This inquiry was never answered by the court. It is clear however that the first part of this question would be correctly answered in the affirmative: The Code section imposes a duty to stop when an approaching train is plainly visible and in hazardous proximity to the crossing and if there is *no* approaching train or the driver *cannot* see it (as opposed to "did not see" it) there is no duty. And assuming that the second part of the question, if completed, had been "If he doesn't see a train [is the law that he does not have to stop]?" The correct answer would have been, in the negative: There is a duty to stop at crossings if the driver *could have* seen the approaching train regardless of whether or not he *did* in fact see it. *Central of Ga. R. Co. v. Leonard,* 49 Ga. App. 689, 701 (176 SE 137).

The jury foreman continued: Foreman: "Could I state it another way? Does the Georgia law require that the driver of a vehicle stop at a railroad crossing regardless of whether or not a train is coming?" The Court: "No. It seems to me that this subsection c which I read to you, that you are required to stop if an approaching train is plainly visible and is in hazardous proximity of such crossing. You would have to interpret those words according to the evidence in this case."

The defendant contends that clarification was erroneous because it gave the jury the impression that the decedent had no duty to stop unless he actually saw the train. We disagree. The jury foreman merely asked whether the law required as an absolute duty that motorists stop at crossings regardless of the presence of approaching trains and the trial judge correctly answered in the negative; there was no absolute duty to stop, only that a driver must stop if the train was plainly visible and within hazardous proximity to the crossing. Nowhere did the judge charge that there was no duty to stop unless the driver actually saw the train. When a statute is the essential part of a jury charge, the court may explain the meaning thereof if he does so correctly. *United Motor Freight Terminal Co. v. Hixon,* 78 Ga. App. 638 (6) (51 SE2d 679). Even if the colloquy between the judge and

foreman could be construed as amounting to a confusing charge, the transcript reveals that the judge immediately thereafter charged that the decedent must have been in the exercise of ordinary care as he approached the crossing. This was a correct statement of the law and negatives the defendant's claim that the charge implied the decedent would have to have actually seen the train to be in violation of the statute.

The defendant urges that the judge's statement to the jury to "interpret those words [the Code section] according to the evidence in the case" improperly delegated to the jury the right to construe the statute as it saw fit. When the charge is read as a whole the jury was in effect instructed to weigh the evidence and to conclude whether or not the train was plainly visible and within a hazardous proximity; in other words, whether or not the decedent would be in violation of the statute. This was not error. *Sweet v. Awtry,* 70 Ga. App. 334 (6) (28 SE2d 154). This language does not leave it for the jury to determine whether the act, if committed as alleged, was or was not negligence. *Williams v. Southern R. Co.,* 99 Ga. App. 503 (109 SE2d 343). It merely instructs the jury to determine whether or not, under the evidence, the decedent was required to stop; it does not instruct the jury to determine whether or not it was negligence for the decedent to fail to stop if the train *was* plainly visible and within a hazardous proximity.

2. The defendant urges that error was committed when the trial judge charged the jury on negligence per se after indicating that he would not so charge. This charge was beneficial to the defendant, because its position was that the plaintiff's decedent was guilty of violating former Code Ann. § 68-1661 (c), but it argues that the judge's failure to inform its counsel of the intent to so charge demands a new trial under Code Ann. § 70-207 (b). The defendant is in error for several reasons. First, Code Ann. § 70-207 (a) provides that no party may complain of the giving of an instruction to the jury unless he objects thereto before the jury returns its verdict; the defendant did not object to the giving of the charge on negligence per se. Second, the defendant did not present the court with a written request to charge on negligence per se and thus

there was no requirement under Code Ann. § 70-207 (b) that the trial judge inform the defendant's counsel of his proposed action; there being no requirement that the judge inform the defendant of his proposed charge, there is no need to decide whether harm or substantial prejudice resulted. *Seaney & Co. v. Katz,* 132 Ga. App. 456 (208 SE2d 333). The defendant, not having requested the charge on negligence per se and not having objected to the charge, has waived its rights and has no standing to complain on appeal. *Durrett v. Farrar,* 130 Ga. App. 298, 306 (203 SE2d 265).

3. The defendant objects to the refusal of the trial judge to give the following charge: "An ordinarily prudent person in the possession of all his faculties would not attempt to cross a railroad track at any place without using at least the sense of sight, if not that of hearing, to determine whether at the time and place he was about to cross the same there was present any of those dangers which a person of ordinary intelligence would reasonably apprehend." *Western & A. R. Co. v. Ferguson,* 113 Ga. 708, 713 (39 SE 306). Whether an ordinarily prudent person would attempt to cross a railroad track without using his sense of sight or hearing is a question of fact, to be determined by the jury in each particular case. *Southern R. Co. v. Tankersley,* 3 Ga. App. 548, 550 (60 SE 297). The particular charge requested by the defendant and refused by the trial judge was held to have been erroneously given in *Cone v. Atlantic C. L. R. Co.,* 89 Ga. App. 74 (1) (78 SE2d 836). It was not error to refuse to give this charge.

4. The defendant argues that it was error for the trial judge to refuse its requested charge that an ordinarily prudent person must, when his view is obstructed, exercise greater care and prudence when looking for an approaching train. This charge was held to be erroneous in *Wright v. Dilbeck,* 122 Ga. App. 214, 228 (176 SE2d 715) as an invasion of the province of the jury. No error was made in properly refusing this charge, the reason being found in *Hieber v. Watt,* 119 Ga. App. 5 (4), 10 (165 SE2d 899) which should be compared with *Northern Freight Lines, Inc. v. Southern R. Co.,* 108 Ga. App. 189 (2) (132 SE2d 541) and *Atlantic C. L. R. Co. v. Associated Transports, Inc.,* 94 Ga. App. 563 (95 SE2d 755).

5. The defendant objects to the trial judge's refusal to charge the jury that a railroad engineer does not have the absolute duty to have an engine under such control as to bring it to a stop in order to avoid injury at a crossing. While such a charge was approved in *Northern Freight Lines, Inc. v. Southern R. Co.,* 108 Ga. App. 189 (2), supra and *Wright v. Dilbeck,* 122 Ga. App. 214, 227, supra, it is no longer error to fail to give a requested charge in the exact language requested, where the charge substantially covers the same principle. *Hardwick v. Price,* 114 Ga. App. 817, 821 (3) (152 SE2d 905). This is true even though the request may be correct as an abstract principle of law which is directly applicable to a material issue. *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 226 (3) (173 SE2d 416). A review of the charge as it was given reveals that the trial judge correctly stated the defendant's duty to persons as would meet the requirements of ordinary care under the circumstances; there is nothing in the court's instruction to suggest that an engineer is under an absolute duty to have the locomotive under such control that he can stop it in time to avoid injury, or that the defendant was an insurer against such injury. See *Northern Freight Lines, Inc. v. Southern R. Co.,* 108 Ga. App. 189 (2), supra. The charge as a whole was fair and full, covering the duty of ordinary care under the circumstances applicable to both the defendant and the plaintiff's deceased. We find no error, when the charge is considered in its entirety, in the failure to give the requested charge.

6. Enumeration 6 argues that it was error for the trial court to charge *in its summary* that it was the duty of the jury to determine what act or acts alleged by the defendant were committed by the decedent and to determine whether those acts were either a proximate or contributing cause of the death. The transcript reveals that the court substantially covered these principles in its general charge; there was no error. *Seaboard C. L. R. v. Thomas,* 125 Ga. App. 716 (188 SE2d 891).

7. The charges objected to in Enumerations 7, 8 and 9, on appeal, were not excepted to at the time of trial, and may not be now urged as error. Code Ann. § 70-207 (a).

*Judgment affirmed. Quillian and Webb, JJ., concur.*